UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

*Trustees of the Suburban Teamsters*

v.

*Burns Cartage Inc*

Case # 07C6805

### AFFIDAVIT OF SPECIAL PROCESS SERVER

*John Marzec*, an investigator with The Argus Agency, Inc., a licensed Illinois private detective agency (IL license # 117-000215), located at 1480 Renaissance Drive, Suite 208, Park Ridge, IL 60068, hereby states as follows:

1. That I served the within *Citation to Discover Assets*

    on the within named *Burns Cartage Inc c/o Darryl Burns, Reg. Agent*

    by personally serving a copy to the individual on *2-13-08*

2. That the sex, race and approximate age of the person with whom the above document was served upon were as follows:

    sex *M*  race *B*  approximate age *40's*  other *black/graying hair*

    That the place where and the date and time when the above document was served upon the person were as follows:

    place *Residence: 17765 Marie Ave Country Club Hills IL*

    date *2-13-08*  time *6:20 pm*

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true

_____
Special Process Server

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>BURNS CARTAGE, INC. an Illinois corporation,<br><br>Defendant. | No. 07 C 6805<br><br>Judge Manning<br><br>Magistrate Judge Keys |

RECEIVED FEB 0 5 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## CITATION TO DISCOVER ASSETS

To: Darryl Burns
Registered Agent
Burns Cartage, Inc.
17765 Maple Avenue
Country Club Hills, Illinois 60478

**YOU ARE COMMANDED** to appear at 19 W. Jackson Boulevard, Suite 300, Chicago, Illinois 60604, at 1:00 p.m. on February 20, 2008, to be examined under oath concerning the property or income of, or indebtedness due Defendant. Judgment was entered against Defendant Dynamic Trucking, Inc., an Illinois corporation, and for Plaintiffs on January 29, 2008, in the principal amount of $4,294.45. A copy of the Judgment entered by Judge Manning was filed with the Clerk of the Court.

**YOU ARE COMMANDED** to produce at the examination all books, papers or records in your possession or control which may contain information concerning the property or income of Defendant or indebtedness due them.

**WARNING:** Your failure to appear as herein directed may cause you to be arrested and brought before the Court to answer to a charge of contempt of court, which may be punishable by imprisonment in the County Jail.

The books and records to be produced include all personal and business or corporate checkbooks, check registers, books of account, ledger books, income and payroll tax returns and supporting documents including schedules, bank books, information regarding loans applied for and received and payments made and due, information regarding all real or personal property owned by Defendant or in which they hold any interest whatsoever, information regarding any trust or estate in which Defendant holds any interest whatsoever, records regarding all accounts receivable or amounts due to Defendant for any reason, records regarding all indebtedness of Defendant including documents creating such indebtedness and any related security interests, records regarding stocks, bonds, powers of appointment or insurance policies held by Defendant or of which they are or may be beneficiaries, records regarding all bonds or sureties for wages or performance of all construction projects of Defendant, and records regarding all jewelry, art objects and other personal property owned by Defendant.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Defendant or to which they may be entitled or which may be acquired by or become due to them and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to them, until the further Order of this Court or termination of these proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**YOUR FAILURE TO COMPLY WITH THIS CITATION MAY SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT OR TO A JUDGMENT FOR THE AMOUNT UNPAID.**

WITNESS, _____ 2008

**MICHAEL W. DOBBINS**
CLERK OF THE COURT

FEB - 5 2008        LIRI ISUFI
_____
DEPUTY CLERK

John J. Toomey
ARNOLD & KADJAN
Attorneys for Plaintiffs
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

### CERTIFICATE OF ATTORNEY

1. Judgment in the amount of $4,294.45 entered on January 29, 2008 attached).

2. Name of Court: United States District Court for the Northern District of Illinois, Eastern Division.

3. Case No. 07 C 6805.

I, the undersigned, certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 to the Court that the foregoing information is true.

By: _____
One of Plaintiffs' Attorneys

Arnold and Kadjan
19 W. Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

3

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6805 | **DATE** | January 29, 2008 |
| **CASE TITLE** | *Trustees of the Suburban Teamsters of Northern Illinois Pension Fund and Welfare Funds v. Burns Cartage* | | |

**DOCKET ENTRY TEXT**

As stated below, the amended motion for judgment [11-1] is granted. Judgment in the amount of $4,294.45 is awarded to the plaintiff. Civil case terminated.

■[ For further details see text below.]

00:00

## STATEMENT

On December 4, 2007, the plaintiff filed suit against defendant Burns Cartage, Inc. ("Burns Cartage") under ERISA (29 U.S.C. § 1132) to collect delinquent employee benefit fund contributions during the period of April 2007 through July 2007. The plaintiff has moved for judgment in the amount of $4,294.45 consisting of $1,373.00 in attorneys' fees and costs and $2,921.45 in unpaid pension and welfare contributions, including liquidated damages and interest.

The docket reflects that the defendant was served with summons on December 7, 2007, and defendant was required to answer by December 27, 2007. Burns Cartage has failed to answer or appear. Having reviewed the complaint and declarations in support of the original motion for judgment, and finding that the defendant has failed to make the required payments to the plaintiff as stated in the complaint and that the affidavits of John Toomey and Richard Siebert filed by the plaintiffs support the claim for the amounts due, the court orders as follows:

1. Defendant Burns Cartage is ordered to pay to the plaintiff all unpaid contributions, liquidated damages, and interest that accrued during the period of April 2007 through July 2007, which amount totals $2,921.45.

2. Defendant Burns Cartage is ordered to pay reasonable attorney's fees and costs incurred by the plaintiff pursuant to the relevant collective bargaining agreements and trust agreements and 29 U.S.C. § 1132(g)(2)(D) in the amount of $1,373.00.

3. The total amount awarded to the plaintiff is $4,294.45.

RH/ph